UNITED STATES DISTRICT COURT
DISTRICT COURT OF WASHINGTON AT SEATTLE

KHACHIK GALAJIAN, an individual,

               Plaintiff,

     v.

JONATHAN BEARD, an individual, and
JONATHON AND JANE DOE BEARD,
husband and wife and the marital
community comprised thereof; JOHN
PETRIE, an individual, and JOHN AND
JANE DOE PETRIE, husband and wife and
marital community comprised thereof; and
SOUTH CORRECTIONAL ENTITY
MULTIJURISDICTIONAL
MISDEMEANANT JAIL ("SCORE"),

               Defendants.

No.  2:15-cv-00955-JLR

RESPONSE TO PLAINTIFF'S MOTION
TO MODIFY THE CASE SCHEDULE
AND TAKE ADDITIONAL
DEPOSITIONS

## I.  INTRODUCTION

Plaintiff filed this lawsuit on May 20, 2015.  *Dkt. 1-2.*  Plaintiff then waited months before starting to schedule depositions despite knowing of the relevant officers since initial disclosures.  While Defendants did list Correctional Healthcare (CHC) employees in their initial disclosures, attorneys for SCORE put Plaintiff's counsel in direct contact with CHC counsel, and suggested that Plaintiff also send a subpoena for their depositions in June of 2016.

There is no reason that discovery can't be completed pursuant to the current schedule, and moving the discovery deadline thirty days, as Plaintiff has requested, would

RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE CASE
SCHEDULE AND TAKE ADDITIONAL DEPOSITIONS - 1
2:15-cv-00955-JLR
1002-00869/249591.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

put it past the dispositive motion deadline. Moving the dispositive motion deadline is also problematic because it could leave insufficient time for the Court to review any dispositive motions until right before or during trial. Defendants feel that all discovery and expert disclosure can be accomplished during the current schedule even taking into account that Defendants are currently in the middle of a trial in federal court, as Plaintiff counsel knows and has known.[1] In addition, Defendants object to Plaintiff requesting to take additional depositions.

## II.    STATEMENT OF FACTS

Plaintiff initiated this suit on May 20th, 2015. *Dkt. 1-2*, at p. 7. Defendants sent out initial disclosures on September 8, 2015, and identified all officers potentially involved. *Exh. A to Chen Decl.* While Defendants did list six entities, <u>five of those entities are related to treatment provided by medical professionals to Plaintiff.</u> *Id.* They were not entities that would likely require (and have not required) discovery beyond getting Plaintiff's medical records from them. Plaintiff was also able, likely through public records request, to obtain surveillance video related to the incident early in this case and possibly before litigation even began. *Chen Decl.*, at ¶ 2. It is unclear exactly when Plaintiff's counsel received this and whether he also received copies of the response to resistance reports identifying the relevant officers.

Attorneys for SCORE did attempt to coordinate the depositions of CHC employees when asked for availability by Plaintiff, and, when that was not successful, attempted to facilitate communications between Plaintiff and Correctional Healthcare attorney John Versnel by connecting the two on June 17, 2016. *Exh. B and C to Chen Decl.* While Defendants' counsel, in a further attempt to facilitate Plaintiff in locating CHC witnesses, offered to attempt to locate contact information for these individuals, *Russ Decl.*, at Exh. H, Plaintiff's counsel had the ability to contact CHC counsel directly since mid-June.

---

[1] Plaintiff has known about Defendants' trial with Judge Zilly for some time. Counsel for Plaintiff Blair Russ stated he looked it up at one point and knew it was around this time. *Chen Decl.*, at ¶ 4.

RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE CASE
SCHEDULE AND TAKE ADDITIONAL DEPOSITIONS - 2
2:15-cv-00955-JLR
1002-00869/249591.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff's counsel has since noted EMT Thompson and EMT Jones' deposition for early October, *Chen Decl.*, at ¶ 3, leaving almost two months until discovery is over to depose the other individuals they wish within the rules.

## III.    ARGUMENT AND ANALYSIS

### A.  Plaintiff Has Not Shown "Good Cause" to Modify the Scheduling Order.

Fed. R. Civ. P. 16(b) requires the moving party to show that "good cause" exists to modify the scheduling order. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Good cause is determined primarily by looking at whether the moving party was diligent in working to meet their deadlines. *Id.* "A pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

Here, there is no need to modify the current schedule, and doing so would disrupt other deadlines such as the dispositive motion deadline and potentially the trial. Currently, the deadline for disclosing expert testimony is on September 28, 2016, the deadline for discovery-related motions is October 28, 2016, and the discovery cutoff is November 28, 2016. *Dkt. 16.* There is no need to depose the medical witnesses prior to the expert deadline. Both parties are going to identify a radiologist in this case to examine Plaintiff's x-rays. There are no other claims of injury in this case, and therefore Defendants' fail to see what new experts would be required after deposing these witnesses. Plaintiff has their reports, which are likely far more detailed than anything the witnesses remember about this incident. Additionally, there is no reason the expert reports can't be supplemented if new evidence does in fact come forward.

There is no reason to believe the rest of discovery cannot be completed prior to November 28, 2016. Even if Plaintiff's additional depositions are granted, this leaves two months to depose just a handful of witnesses, several of which have already been noted for early October and are pending availability of the witnesses and counsel. Further, Plaintiff

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

has already propounded six sets of discovery.  It is unlikely there will be a need for additional discovery by Plaintiff.

Moving the discovery deadline one month would put it <u>after</u> the dispositive motion deadline, thus allowing for the potential of new discovery after dispositive motions are due.  Motions for summary judgment are four-Friday motions pursuant to WDLCR 7(d)(3), and the Court has requested 45 days (after a preliminary 30 day period for the parties to brief the motion) to decide the motion. *Exh. D to Chen Decl.*  The Court has stated it requires an "extraordinary basis" for modifying the schedule order pertaining to the dispositive motion deadline.  As Plaintiff's motion would likely require the Court to modify the dispositive motion deadline, it should be denied for failure to show an extraordinary basis.

**B.  This Case is Not Complex, and Additional Depositions are Not Needed.**

Fed. R. Civ. P. 30(A)(2)(a)(i) requires a party seeking to take more than 10 depositions to seek leave of the Court.  The moving party "has the burden or making a particularized showing of need for each additional deposition." *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013).  In determining whether additional depositions are needed, courts look at if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.*, at p. 602.  Courts also suggest that parties exhaust their ten depositions before asking for more. *Id.*  As stated before, this is not a factually complex case.  Plaintiff alleges he was kicked and punched while in the change-out cell at SCORE and that this caused injuries to his ribs. *Dkt. 11*, at ¶ 3.5.  All of Plaintiff's causes of action are based on the allegation that Defendants Beard and Petrie "assaulted, punched and kicked Mr. Galajian." *Id.* at

RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE CASE
SCHEDULE AND TAKE ADDITIONAL DEPOSITIONS - 4
2:15-cv-00955-JLR
1002-00869/249591.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

¶¶ 4.1-8.4.  The only individuals to see the entire incident were the plaintiff, Mr. Beard, Mr. Petrie, and Mr. Kenyon, and the relevant time period is a span of one to two minutes. Plaintiff does not allege he was assaulted any other time at SCORE.

Plaintiff is requesting depositions of all medical staff involved for an incident that occurred over two and a half years ago.  He is doing so for the stated purpose of authenticating the medical records, determining if Plaintiff made any attempt to notify SCORE of injuries, and ascertain if they know any other facts. *Dkt. 27*, at p. 10:12-16.  The likelihood that these individuals remember anything about these events are extremely low, and none of them witnessed the alleged assault in this case.  Plaintiff has his entire medical record from the SCORE facility that contains narratives of what the medical staff witnessed at the time.  Therefore, it is highly likely that these depositions will be of little or no additional benefit to Plaintiff's case, and could be accomplished by written discovery asking the threshold question of whether the individuals remember anything about the incident.  If not, their testimony is simply duplicative of their reports and would be wholly unnecessary.

In addition, Plaintiff has already deposed corrections officers Bon Barnett, John Petrie[2], and Jonathon Beard as well as Captain Ellis and Sergeant Pedro Santos.  Plaintiff chose to use a deposition to depose Officer Barnett despite having a report from Barnett stating the Plaintiff was already on the ground by the time Barnett first saw him. *Exh. E to Chen Decl.*  Plaintiff has a very similar statement from Officer Deer, who also did not see Plaintiff until he was already on the ground. *Exh. F to Chen Decl.*  In addition, Ms. Deer now lives out of state and would require either a skype deposition or Plaintiff's counsel to fly her back to Washington.  Officer Deer's deposition is unlikely to produce new

---

[2] Plaintiff has completed one-half of John Petrie's deposition.  This deposition was continued, at least in part, because Plaintiff did not send any exhibits to Defendants to give to Mr. Petrie despite noting a Skype video deposition because he knew the witness was out of town. *Chen Decl.*, at ¶ 5.

RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE CASE
SCHEDULE AND TAKE ADDITIONAL DEPOSITIONS - 5
2:15-cv-00955-JLR
1002-00869/249591.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    substantive evidence, and Plaintiff's counsel may be using it simply to inquire into the

2    relationship between Mr. Petrie and Ms. Deer, who are now married.

3           Plaintiff is mistaken regarding Defendants' expert radiologist.  As of right now, he

4    will be back in the beginning of November and available for deposition.  This witness may

5    also be available for a skype deposition prior to November, but the parties have not

6    discussed expert depositions yet as experts have not been disclosed.

7           The relevance of the requested 30(b)(6) deposition depends on whether Plaintiff is

8    allowed to amend his complaint and the likely discovery conference which may occur.  The

9    need for this deposition is not ripe yet, and may be unnecessary.

10                          **IV.    CONCLUSION**

11          For the reasons stated above, Defendants respectfully request the Court deny

12   Plaintiff's motion in whole.

13
             DATED:  September 21, 2016
14

15                                      KEATING, BUCKLIN & McCORMACK,
                                        INC., P.S.
16

17
                                        By:  */s/ Stewart A. Estes*
18                                           Stewart A. Estes, WSBA #15535
                                        Attorneys for Defendants
19
                                        800 Fifth Avenue, Suite 4141
20                                      Seattle, WA  98104-3175
                                        Phone: (206) 623-8861
21                                      Fax:    (206) 223-9423
                                        Email: sestes@kbmlawyers.com
22

23

24

25

26

27
     RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE CASE
     SCHEDULE AND TAKE ADDITIONAL DEPOSITIONS - 6
     2:15-cv-00955-JLR
     1002-00869/249591.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2016, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:


**Attorneys for Plaintiff**

Blair Russ
Abigail Jin
Barokas Martin & Tomlinson
1422 Bellevue Avenue
Seattle, WA  98122
Email: bmr@bmatlaw.com
       azs@bmatlaw.com
       lae@bmatlaw.com

**Attorneys for Defendant City of Tukwila**

Rachel B. Turpin
Kenyon Disend, PLLC
11 Front Street South
Issaquah, WA  98027-3820
Email: rachel@kenyondisend.com
       kathys@kenyondisend.com


DATED:  September 21, 2016



                           */s/ Stewart A. Estes*
                           Stewart A. Estes, WSBA #15535
                           Attorneys for Defendants
                           800 Fifth Avenue, Suite 4141
                           Seattle, WA  98104-3175
                           Phone: (206) 623-8861
                           Fax:   (206) 223-9423
                           Email: sestes@kbmlawyers.com

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423