UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHACHIK GALAJIAN,

                      Plaintiff,

        v.

JONATHAN BEARD, et al.,

                      Defendants.

CASE NO. C15-0955JLR

ORDER

## I.   INTRODUCTION

Before the court are two motions by Plaintiff Khachik Galajian:  a motion to amend his complaint (Amendment Mot. (Dkt. # 24)) and a motion to extend discovery deadlines and take additional depositions (Discovery Mot. (Dkt. # 27)).  Defendants Jonathan Beard, Jane Doe Beard, John T. Petrie, Jane Doe Petrie, and South Correctional Entity Multijurisdictional Misdemeant Jail ("SCORE") (collectively, "Defendants") oppose both motions.  (Amendment Resp. (Dkt. # 30); Discovery Resp. (Dkt. # 32).)

1   Having considered the submissions of the parties,[1] the appropriate portions of the record,

2   and the relevant law, the court GRANTS Mr. Galajian's motion to amend and DENIES

3   without prejudice Mr. Galajian's motion to extend discovery deadlines and take

4   additional depositions, as more fully detailed herein.

5                            **II.    MOTION TO AMEND**

6          In his operative complaint, Mr. Galajian sues Mr. Beard, Mr. Petrie, and SCORE

7   for an alleged physical assault that occurred when officers booked Mr. Galajian at

8   SCORE on the night of February 8, 2014, and the early morning of February 9, 2014.

9   (Am. Compl. (Dkt. # 11) ¶¶ 1.2-1.4, 3.1-3.7.)  Mr. Galajian also names Mr. Beard's wife

10  under the fictitious name Jane Doe Beard and Mr. Petrie's wife under the fictitious name

11  Jane Doe Petrie.  (*Id.* ¶¶ 1.2-1.3.)  Mr. Galajian asserts a Section 1983 claim and tort

12  claims for assault and battery, intentional and negligent infliction of emotional distress,

13  and negligence.  (*Id.* ¶¶ 4.1-8.4.)

14         Mr. Galajian seeks leave to amend his complaint to clarify the basis of his Section

15  1983 claim against SCORE and replace fictional defendants Jane Doe Beard and Jane

16  Doe Petrie with those defendants' actual names.  (Amendment Mot. at 1.)  The deadline

17  for amended pleadings in this case is September 28, 2016.  (Sched. Order (Dkt. # 16) at

18  1.)  Accordingly, the court is to "freely give leave" to amend "when justice so requires."

19  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as

20  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

21  _____

22         [1] No party requested oral argument on either motion, and the court concludes it is
    unnecessary to the disposition of these motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1    cure deficiencies by amendments previously allowed, undue prejudice to the opposing

2    party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

3    sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178,

4    182 (1962).

5        Defendants mount two arguments in opposition to granting leave to amend.  First,

6    Defendants argue that Mr. Galajian was "[n]ot [d]iligent" in disclosing his theory of

7    liability under Section 1983.  (Amendment Resp. at 3.)  Mr. Galajian timely moved to

8    amend his complaint to name the fictional defendants (*see* Rev. Prop. Order (Dkt. # 26-1)

9    Ex. A ("Prop. 2d Am. Compl.") ¶¶ 1.2-1.3) and to clarify his theory of liability against

10   SCORE under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (*id.*

11   ¶¶ 1.5-1.6, 3.6-3.7).  Mr. Galajian obtained the information relevant to the proposed

12   amended complaint during a July 12, 2016, deposition of Captain Robert Ellis. (Jin Decl.

13   (Dkt. # 25) ¶ 3, Ex. B.)  Contrary to Defendants' argument, the court does not find that

14   the "roughly two months" that elapsed between Captain Ellis's deposition and Mr.

15   Galajian's motion to amend constitutes undue delay or severely prejudices defendants.

16   (Amendment Resp. at 4.)

17       Defendants next contend that amendment would require modifying the scheduling

18   order, and that Mr. Galajian must therefore demonstrate "good cause."  (*Id.*)  Defendants

19   base this argument entirely on the premise that Mr. Galajian's August 26, 2016,

20   discovery requests are overbroad and unduly burdensome.  (*Id.* at 4-5 ("Plaintiff's newly

21   'clarified' theory would place at [sic] exceptional burden on SCORE based on the

22   discovery [Mr. Galajian] has requested in order to prove his theory.").)  Accordingly,

ORDER- 3

1    Defendants argue that the court will "need[] to resolve disagreements regarding the scope

2    of records sought" and Defendants would "possibly exceed[] the current discovery

3    deadline" and require "modification of the dispositive motion deadline and possibly the

4    trial itself." (*Id.* at 5.)  Defendants have not moved for a protective order or otherwise

5    enlisted the court's authority to adjudicate the appropriate scope of discovery.  (*See* Dkt.)

6    The court thus concludes that Defendants' arguments regarding the scope of discovery

7    are conjectural and of minimal relevance to Mr. Galajian's motion to amend.

8         Based on the foregoing analysis, the court grants Mr. Galajian's motion to amend

9    and orders Mr. Galajian to file his amended complaint[2] within seven (7) days of the date

10   of this order.

### III.   DISCOVERY MOTION

12        Mr. Galajian also asks the court to grant him leave to take additional depositions

13   and extend the expert disclosure deadline, the discovery motion deadline, and the

14   discovery cutoff "by one month."  (Discovery Mot. at 12; *see also* Discovery Reply (Dkt.

15   # 36) at 2.)

16   **A.    Additional Depositions**

17        To date, Mr. Galajian has deposed five people:  (1) Corrections Officer Barnett,

18   who "drafted a narrative statement of the incident over a year after it occurred"; (2)

19   Captain Robert Ellis, who Defendants identified as the "reviewing supervisory officer"

20   on the night in question; (3) Mr. Petrie, one of the defendants; (4) Mr. Beard, one of the

---

22   [2] Mr. Galajian may not alter his proposed amended complaint (*see* Dkt. # 26-1 at 4-12) except to accept the redlined changes indicated in that document.

ORDER- 4

1   defendants; and (5) Sergeant Pedro Santos, Jr., Mr. Petrie's and Mr. Beard's "immediate

2   supervisor."  (Russ Decl. (Dkt. # 28) ¶ 18.)  Mr. Galajian seeks leave to depose seven

3   other fact witnesses:  (6) Corrections Officer Kenyon, the only non-party witness to the

4   incident; (7) Matt Thompson, an emergency medical technician ("EMT") who

5   "performed a medical check" on Mr. Galajian after the incident; (8) Jeannette Jones, an

6   EMT who "performed a booking medical screen" on Mr. Galajian after the incident; (9)

7   Alicia Hankins, a nurse who examined Mr. Galajian for his complaints of rib pain; (10)

8   Elizabeth Render, a physician's assistant who "provided care to [Mr. Galajian] while he

9   was in jail"; (11) a 30(b)(6) designee from SCORE to testify "regarding the use of force

10  reporting, documentation, investigation, and review process used by SCORE"; and (12)

11  Corrections Officer Deer (now Petrie), who "directly witnessed the end of the assault"

12  and is a defendant to this suit as Corrections Officer Petrie's wife.  (*Id.* ¶ 19.)  Mr.

13  Galajian seeks the court's leave to depose these 12 fact witnesses in addition to

14  Defendants' to-be-named experts.  (Discovery Mot. at 9.)

15      Federal Rule of Civil Procedure 30 requires agreement between the parties or

16  leave of the court to take more than 10 depositions.  Fed. R. Civ. P. 30(a)(2)(A)(i); *see*

17  *also* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules

18  on the number of depositions . . . under Rule 30.").  "A party seeking to exceed the

19  presumptive limit bears the burden of making a 'particularized showing' of the need for

20  additional depositions."  *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013).

21  To make such a showing, a party must show not only that the additional depositions are

22

1    warranted, but also that the depositions the party has already taken were warranted.[3]

2    Furthermore, a party "should ordinarily exhaust [its] allowed number of depositions

3    before making a request for additional." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600

4    (W.D. Wash. 2013); *Smith v. Ardew Wood Prods., Ltd.*, No. C07-5641FDB, 2008 WL

5    4837216, at *1 (W.D. Wash. Nov. 6, 2008) ("Rule 30(a)(2)(A) clearly contemplates that

6    a party has already taken ten depositions before a motion is filed seeking leave of court

7    for a proposed deposition that would result in more than ten depositions being taken

8    under this rule.").

9         Mr. Galajian has not yet exhausted his 10 depositions.  (Russ Decl. ¶ 18.)

10   Furthermore, Mr. Galajian makes no showing why less expensive and less burdensome

11   means of discovery are unavailable or insufficient.  *See* Fed. R. Civ. P. 30(a)(2)

12   (incorporating the limitations imposed in Rules 26(b)(1) and (2)); Fed. R. Civ. P. 30

13   advisory committee's notes to 1993 amendment ("One aim of this revision is to assure

14   judicial review under the standards stated in Rule 26(b)(2) before any side will be

15   allowed to take more than ten depositions in a case without agreement of the other

16   parties."), 2015 amendment ("Rule 30 is amended . . . to reflect the recognition of

17   proportionality in Rule 26(b)(1).").  Finally, Mr. Galajian makes no attempt to

18

19

20       [3] Allowing additional depositions without analyzing the need for the first 10 depositions
21   would reward a party for taking superfluous depositions early in the course of discovery.  *See*
     Fed. R. Civ. P. 30; *see also* Fed. R. Civ. P. 26(b).  This result would not be "consistent with Rule
     26(b)(1)," which applies a proportionality limitation on the scope of discovery.  Fed. R. Civ. P.
22   30 (citing Fed. R. Civ. P. 26(b)(1)).

1    demonstrate the need for the depositions that he has already performed.[4]  (*See* Discovery

2    Mot. at 10-11.)  The court will not grant a request for additional depositions—even if

3    those depositions are needed—if Mr. Galajian does not also demonstrate the need for the

4    depositions he has already taken.  *See supra* n.3.

5         Based on the foregoing analysis, the court denies Mr. Galajian's request to take

6    additional depositions without prejudice to seeking that relief at a later date.  Should Mr.

7    Galajian seek such relief, he must make a particularized showing of the need for all of his

8    depositions—not just those he has not yet taken—and explain how each deposition

9    satisfies Rule 26 and Rule 30.  Finally, before filing any such motion, the parties must

10   meet and confer and attempt to resolve any dispute.

11   **B.    Extension of the Discovery Deadline**

12        Mr. Galajian also argues that good cause exists to extend by one month the expert

13   disclosure deadline, which is currently set for September 28, 2016, the discovery motions

14   deadline, which is currently set for October 28, 2016, and the discovery deadline, which

15   is currently set for November 28, 2016.  (*See* Discovery Mot.; Discovery Reply; Sched.

16   Order at 1.)  Mr. Galajian argues that despite "diligently pursu[ing] discovery in this

17   matter, circumstances outside of his control have delayed conducting depositions."  (Mot.

18   at 11.)

19

20

---

21   [4] For instance, the first deposition that Mr. Galajian took is of Corrections Officer
     Barnett.  (Jin Decl. ¶ 18.)  The only relevance to the case that Mr. Galajian identifies is that
22   Officer Barnett "drafted a narrative statement of the event over a year after it occurred."  (*Id.*)

1    Mr. Galajian's account of the progression of discovery in this case is largely

2 uncontroverted.  (*See* Discovery Mot. at 2-9.)  That chronology demonstrates fault on the

3 part of both parties.  Mr. Galajian filed this case in May 2015 but did not "first contact[]

4 Defendants' counsel regarding setting dates for an inspection of the SCORE jail and for

5 depositions" until March 2016.  (Mot. at 3-4; Russ Decl. ¶ 5.)  This 10-month period of

6 inaction undermines Mr. Galajian's argument that Defendants bear responsibility for the

7 state of discovery.  On the other hand, Defendants contributed to the delays in Mr.

8 Galajian's subsequent efforts to schedule depositions.  (*See, e.g.*, Russ Decl. ¶¶ 6-7,

9 11-15.)

10    In light of the shared blame for the condensed remaining discovery timeline, the

11 court does not find good cause to extend the discovery deadline.  (*See* Sched. Order at 2

12 ("[F]ailure to complete discovery within the time allowed is not recognized as good

13 cause.").)  Defendants represent that "[t]here is no reason to believe the rest of discovery

14 cannot be completed prior to November 28, 2016."[5]  (Discovery Resp. at 3.)  The court

15

16 _____

17    [5] Defendants also indicate that they intend to ask the court to limit the scope of discovery,
   and that depending on the court's ruling, Defendants may "exceed[] the current discovery
18 deadline" and "require . . . modification of the dispositive motion deadline and possibly the trial
   itself."  (Amendment Resp. at 5); *see also supra* § II.  The scheduling order sets "firm dates that
19 can be changed only [by] order of the court."  (Sched. Order at 2.)  "The court will alter these
   dates only upon good cause shown:  failure to complete discovery within the time allowed is not
20 recognized as good cause."  (*Id.*)  Mr. Galajian propounded the discovery requests that
   Defendants contend are overbroad on August 26, 2016.  (Chen Decl. (Dkt. # 31) ¶ 3A, Ex. A at
21 6-7.)  Almost one month later, Defendants have not come to an agreement with Mr. Galajian or
   sought relief from the court regarding the proper scope of these requests.  Defendants' delay at
22 this late stage in the case renders the court skeptical that Defendants can demonstrate good cause
   to alter the scheduling order.

1 | orders Defendants to cooperate in meeting that deadline.[6]  Evidence of further delays or

2 | misrepresentations by Defendants may result in sanctions.

3 | **IV.    CONCLUSION**

4 | Based on the foregoing analysis, the court GRANTS Mr. Galajian's motion to

5 | amend (Dkt. # 24), ORDERS Mr. Galajian to file his amended complaint within seven

6 | (7) days of the date of this order, and DENIES without prejudice Mr. Galajian's motion

7 | to extend discovery deadlines and take additional depositions (Dkt. # 27).

8 | Dated this 26th day of September, 2016.

9 |

10 |

11 |

JAMES L. ROBART
United States District Judge

12 |

13 |

14 |

15 |

16 |

17 |

18 |

_____

19 |

20 | [6] For instance, Mr. Galajian expresses concern that currently scheduled, early-October
depositions necessitate additional written discovery, which would have a due date after the
deadline for discovery motions.  (Discovery Reply at 4.)  This timeline could "foreclose Mr.

21 | Galajian from the ability to enforce or resolve any discovery disputes that then arise." (*Id.*)  This
contingency, which could arise in any case, does not constitute "good cause." (Sched. Order at

22 | 2.)  However, the court expects the parties to cooperate in good faith should any like situations
arise.